## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W. R. Grace & Co, et al. | ) | Bankruptcy Case No. 01-01139 (AMC) |
| Debtor. | ) | BAP Case No. 21-00016 |
| ------------------------------ | ) | ____ |
| GARY SMOLKER | ) | |
| Appellant, | ) | |
| v. | ) | Case No. 1:21-cv-00460-LPS |
| W.R. GRACE & Co, et al ) | | |
| Appellee | ) | |
| _____ | ) | Related Documents No. 12, 18, and 19 |

**FILED**
**OCT 06 2021**
**US DISTRICT COURT**
**DISTRICT OF DELAWARE**

**OCTOBER 4, 2021 DECLARATION OF GARY SMOLKER REGARDING JUDGE STARK'S FAILURE TO ACT TO UPHOLD THE LAW UPON RECEIPT OF ILLEGAL EX PARTE COMMUNICATIONS INCLUDING AN EX PARTE SECRET MOTION FOR ADMISSION PRO HAC VICE OF ROGER HIGGINS AND JUDGE STARK'S FAILURE TO UPHOLD THE LAW UPON RECEIPT OF OTHER EX PARTE COMMUNICATIONS FROM APPELLEE W.R.GRACE & CO.'S ATTORNEYS**

I, Gary Smolker, Appellant in Pro Per, make each of the following statements on the basis of my own personal knowledge in support of my EMERGENCY MOTION UNDER 28 UNITED STATES CODE SECTION 455 to Disqualify Honorable Leonard P. Stark from ruling on or hearing any motion or other legal proceedings related to Appeal Case No. 1:21-cv-00460-LPS and in in support of my REPLY to GRACE'S RESPONSE to my Emergency Motion Under 28 United States Code Section 455 to Disqualify Honorable Leonard P. Stark from ruling on or hearing any motion or other legal proceeding related to Civil Appeal Case No.

1:21-cv-00460-LPS  dated September 27, 2021 ("MOTION"), and in support of my Emergency Motion Seeking Modification of Briefing Schedule filed on September 21, 2021, and in REPLY to Appellee W.R. GRACE & CO.'S ("GRACE'S") RESPONSE dated September 27, 2021 to my Emergency Motion for Modification of Briefing Schedule.

An independent, fair, and impartial judiciary is indispensable to our system of justice.

Judges should avoid impropriety and appearance of impropriety in their professional and personal lives.

They should aspire at all times to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity and competence.   See American Bar Association "Model Code of Judicial Conduct" ("CODE").

Federal Rule of Bankruptcy Procedure Rule 9003(a) prohibits Ex Parte Contacts: **"General Prohibition.  Except as otherwise permitted by applicable law, any examiner, any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from ex parte meetings and communications with the court concerning matters affecting a particular case or proceeding."**

Below are excerpted cites from the CODE.

The provisions of the CODE apply to all full-time judges.

Canon 1: A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

Rule 1.1 Compliance with the Law: A judge shall comply with the law, including the Code of Judicial Conduct.

Rule 1.2: Promoting Confidence in the Judiciary: A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, an impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety.

**Impropriety** includes conduct that violates the law, court rules, and provisions of the CODE.

**Integrity** means probity, fairness, honesty, uprightness, and soundness of character.

COMMENT [5] "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge.

Attached hereto as Exhibit "1" is a true and correct copy of a Motion filed by GRACE in Civil Appeal Case No. 1:21-cv-00460-LPS.

I saw that MOTION for the first time on October 1, 2021.

I was not given notice of the existence of that **secret ex parte** motion by either GRACE, or by the attorneys representing GRACE, or by the Court Clerk for the United States District Court for the District of Delaware or by the Court Clerk's Office, or by Judge Stark.

Canon 2: A judge shall perform the duties of judicial office impartially, competently, and diligently.

Rule 2.2 Impartiality and Fairness: A judge shall uphold and apply the law, and shall perform the duties of judicial office fairly and impartially.

Rule 2.9 Ex Parte Communications:
[A] A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matters…

When circumstances require ex parte communications the judge shall make provision for notifying all other parties of the substance of the ex parte communication and give the parties an opportunity to respond.

[B] If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond.

COMMENT

[1] To the extent reasonably possible, all parties or their lawyers shall be included in communications with the judge.

[2] Whenever the presence of a party or notice to a party is required by this Rule, is the party's or lawyer, or if the party is unrepresented, the party, who is to be present or to whom notice is to be given.

Rule 2.11 Disqualification: (A) A judge shall disqualify himself, or herself, in any proceeding in which the judge's impartiality might reasonably be questioned...

A true and correct copy of a portion of the Court Docket for Civil Appeal Case No. 1:21-cv-00460-LPS is attached hereto as Exhibit "2."

That portion of the docket refers to a motion for Pro Hac Vice Appearance of Attorney Roger J. Higgins, Esquire - filed March 24, 2021 (Docket No. 7) by W.R. Grace & Co.(O'Neill, James).

That portion of the docket also states the order admitting Attorney Higgins was signed by Judge Leonard P. Stark on 5/25//2021.

The motion makes clear that Attorney Higgins was not admitted to practice law in the United States District Court [and particularly in this appeal case] prior to Judge Stark signing the order admitting Attorney Higgins.

I was not given notice by GRACE'S attorneys, by Judge Stark, by the Clerk of the United States District Court for the District of Delaware or by the Clerk's Office that Judge Stark had signed an order on March 25, 2021 granting GRACE'S Motion for Admission Pro Hac Vice of Roger J. Higgins to represent GRACE as legal counsel in Civil Appeal Case No. 1:21-cv-00460-LPS.

Had I been given notice of that motion, I would have objected.

Had I been given notice of that motion, and had I been given notice of the contents of that motion, and had I known that Judge Stark **knew** that Attorney Higgins was not admitted to practice law in the United States District Court for the District of Delaware in Appeal Case No. 1:21-cv-00987-LPS, I would have brought up that point when I filed my opposition to the August 9, 2021 recommendation of Chief U.S. Magistrate Judge Thynge in Civil Appeal Case No. 1:21-cv-00987-LPS.

When Judge Stark ruled on my Response to Judge Thynge recommendation, Judge Stark knew that Roger Higgins was not admitted to practice law in Appeal Case No. 1:31-civ-00987-LPS and Judge Stark also knew that Chief U.S Magistrate Judge Thynge based her recommendation solely on an ex parte communication she had received from Attorney Roger Higgins.

Judge Stark had previously received additional ex parte communications from Attorney Roger Higgins on the pending matter of when my Appellant's Opening Brief should be due.  Judge Stark did not give me time to respond to either ex parte communication.

Judge Stark received an ex parte communication from Attorney Roger Higgins **via ECF Docket** consisting of a letter dated June 1, 2021 with attachments weighing 12.9 ounces.  Attached hereto as Exhibit "3" is a true and correct copy of the June 1, 2021 letter from Attorney Roger Higgins – without attachments.  Judge Stark did not give me time to respond to the contents of that letter.

Pursuant to Local Rule 83.5 of the United States District Court for the District of Delaware, *"Consistent with CM/ECF Procedures, Delaware Counsel shall be the registered users of CM/ECF and shall be required to file all papers."*

Local Delaware counsel did not file the June1, 2021 letter.

The June 1 letter is solely from Roger Higgins, an unauthorized user of CM/ECF.

Judge Stark received an ex parte communication from Attorney Roger Higgins **via ECF Docket** consisting of a letter dated June 4, 2021 with attachments weighing 13.1 ounces.  Attached hereto as Exhibit "4" is a true and correct copy of the June 1, 2021 letter from Attorney Roger Higgins – without attachments.  Judge Stark did not give me time to respond to the contents of that letter.

Local Delaware counsel did not file the June 4, 2021 letter.

The June 4 letter is solely from Roger Higgins, an unauthorized user of CM/ECF.

Due to circumstances beyond my control Judge Stark's made his June 7, 2021 "Briefing Schedule Order" without any input from me.

Based on the above, I believe that I did not receive (1) a fair hearing on my Response to Chief Magistrate Judge Thynge's August 9, 2021 Recommendation,

(2) or a fair hearing on W.R. Grace & Co.'s May 27, 2021 Motion for Briefing Schedule filed on May 27, 2021 (Docket No. 9).

I believe Judge Stark made his June 7, 2021 Briefing Schedule Order without knowledge of pertinent critical facts.

Based on the above, I believe Judge Stark is biased against me and that Judge Stark is biased in favor of Appellee W.R. Grace & Co.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 4, 2021 at Encino, California.


GARY SMOLKER

# EXHIBIT 1

## Motion for Order

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Bankruptcy Case No. 01-01139 (AMC) |
| | ) | BAP Case No. 21-16 |
| Reorganized Debtor. | ) | |
| | ) | |
| | ) | |
| GARY SMOLKER, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 21-cv-00460 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

### MOTION AND ORDER FOR ADMISSION PRO HAC VICE

Pursuant to Local Rule 83.5 and the attached certification, counsel moves the admission *pro hac vice* of Roger J. Higgins of the Law Office of Roger Higgins, LLC, as legal counsel to represent the Appellee/Reorganized Debtor in this matter.

Dated:  May 24, 2021

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for Appellee/Reorganized Debtor*

### ORDER GRANTING MOTION

IT IS HEREBY ORDERED counsel's motion for admission *pro hac vice* is granted.

Date:_____

_____
United States District Court Judge

DOCS_DE:234392.1 91100/001

## CERTIFICATION BY COUNSEL TO BE ADMITTED PRO HAC VICE

Pursuant to Local Rule 83.5, I certify that I am eligible for admission to this Court, am admitted, practicing and in good standing as a member of the bar of the State of Illinois and am admitted to practice before the United States District Court for the Northern District of Illinois and pursuant to Local Rule 83.6 submit to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action. I also certify that I am generally familiar with this Court's Local Rules and with Standing Order for District Court Fund effective 9/1/16. I further certify that the annual fee of $25.00 has been paid to the Clerk of Court for District Court.

Dated: May 24, 2021

Respectfully submitted,

THE LAW OFFICE OF ROGER J. HIGGINS, LLC

*/s/ Roger J. Higgins*
Roger J. Higgins
516 N. Ogden Avenue
Suite 136
Chicago, IL 60642
Telephone: (312) 480-1984

2

# EXHIBIT 2

## Court Docket

| | | |
|---|---|---|
| | | of Chief Magistrate Judge Thynge - filed by Gary Smolker. (kmd) (Entered: 05/17/2021) |
| 05/21/2021 | 6 | ORDER re 3 Recommendation that Bankruptcy Appeal be withdrawn from mandatory mediation is ACCEPTED; 4 Objections filed by Gary Smolker are OVERRULED; 5 MOTION for Extension of Time filed by Gary Smolker is DENIED. Signed by Judge Leonard P. Stark on 5/21/21. (ntl) (Entered: 05/21/2021) |
| 05/24/2021 | 7 | MOTION for Pro Hac Vice Appearance of Attorney Roger J. Higgins, Esquire - filed by W.R. Grace & Co.. (O'Neill, James) (Entered: 05/24/2021) |
| 05/24/2021 | 8 | CERTIFICATE OF SERVICE of Docket No. 6 [Signed Order] by W.R. Grace & Co. re 6 Order, (O'Neill, James) (Entered: 05/24/2021) |
| 05/25/2021 | | SO ORDERED, re 7 MOTION for Pro Hac Vice Appearance of Attorney Roger J. Higgins, Esquire filed by W.R. Grace & Co. Signed by Judge Leonard P. Stark on 5/25/21. (ntl) (Entered: 05/25/2021) |
| 05/27/2021 | 9 | MOTION for Scheduling Order // *Appellee's Request for Briefing Schedule* - filed by W.R. Grace & Co.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Certificate of Service and Service List)(O'Neill, James) (Entered: 05/27/2021) |
| 06/01/2021 | 10 | Letter to Honorable Leonard S. Stark from Roger J. Higgins regarding Request for Briefing Schedule - re 9 MOTION for Scheduling Order // *Appellee's Request for Briefing Schedule*, 6 Order,. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Attachment 5, # 6 Attachment 6, # 7 Certificate of Service)(O'Neill, James) (Entered: 06/01/2021) |
| 06/04/2021 | 11 | Supplemental Letter to The Honorable Leonard P. Stark from Roger J. Higgins, Esquire regarding Request for Briefing Schedule - re 9 MOTION for Scheduling Order // *Appellee's Request for Briefing Schedule*, 10 Letter,. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Attachment 5, # 6 Attachment 6, # 7 Attachment 7, # 8 Attachment 8, # 9 Attachment 9, # 10 Certificate of Service and Service List)(O'Neill, James) (Entered: 06/04/2021) |
| 06/07/2021 | 12 | ORDER setting Briefing Schedule. Signed by Judge Leonard P. Stark on 6/7/2021. (etg) (Entered: 06/07/2021) |
| 06/07/2021 | 13 | CERTIFICATE OF SERVICE of [Signed] Order Setting Briefing Schedule by W.R. Grace & Co. re 12 Order Setting Briefing Schedule (O'Neill, James) (Entered: 06/07/2021) |
| 07/21/2021 | 14 | DESIGNATION OF RECORD on Appeal filed by W.R. Grace & Co. *The Reorganized Debtor's Counter-Designation of the Record on Appeal and Counter-Statement of Issues in Appeal Captioned Smolker v. W. R. Grace & Co. (in re W. R. Grace & Co.)* (Attachments: # 1 Certificate of Service)(O'Neill, James) (Entered: 07/21/2021) |
| 09/15/2021 | 15 | EMERGENCY REQUEST FOR RECUSAL OF HONORABLE LEONARD P. STARK, EMERGENCY REQUEST FOR ORDER THAT BRIEFING BE DEFERRED UNTIL IT IS DECIDED WHETHER A NEW JUDGE WILL REPLACE JUDGE |

# EXHIBIT 3

June 1, 2021 Letter

# THE LAW OFFICES OF ROGER HIGGINS, LLC

516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
rhiggins@rogerhigginslaw.com

tel:  (312) 480-1984

Fax:  (312) 577-0737

June 1, 2021

**VIA ECF DOCKET**

Judge Leonard S. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

Dear Judge Stark:

On May 27, 2021, Appellee W. R. Grace & Co. filed *Appellee's Request for Briefing Schedule* [D.I. 9] (the "Scheduling Motion"), requesting the Court enter a briefing schedule because Mr. Smolker had stated that he wanted to respond directly to this Court instead of conferring with Appellee over the appellate briefing schedule as directed in this Court's May 21, 2021 *Order* [D.I. 6].

Appellee is submitting this follow-up letter to its Scheduling Motion to apprise the Court of developments since the Scheduling Motion was filed.

On May 28, 2021, Mr. Smolker sent e-mail correspondence to counsel for Appellee, requesting that Appellee withdraw its Scheduling Motion, and reiterating his intention of responding directly to the Court. *See* Attachment 1.

Later that same day, Appellee responded to Mr. Smolker, declining to withdraw its Scheduling Motion, while also renewing its offer to confer regarding the appellate briefing schedule. *See* Attachment 2. In this correspondence, Appellee reiterated its opening offer to Mr. Smolker, which mirrors the relief requested in the Scheduling Motion.

On May 31, 2021, Mr. Smolker responded with three separate pieces of e-mail correspondence. *See* Attachments 3 (without attachment), 4 (without attachment), & 5.[1] In this correspondence, Mr. Smolker once again requested that Appellee withdraw its motion. Mr. Smolker also made himself available on Thursday, June 3, 2021, for a telephone conference regarding the appellate briefing schedule.

On June 1, 2021, Appellee responded to Mr. Smolker's May 31 e-mail correspondence. *See* Attachment 6. Appellee agreed to have a telephone conference with Mr. Smolker at 12:00 pm ET/9:00 am PT, Thursday, June 3, 2021, to discuss the appellate briefing schedule.

---

[1]   The attachments to Mr. Smolker's two e-mails are a pair of letters regarding Mr. Smolker's insurance claim for his apartment. Together, they total more than 140 pages of information not relevant to the *Scheduling Motion*, this Court's Order, or the appellate briefing schedule. Appellee would be happy to make them available to the Court upon request.

Filed: 6/4/21
Docket No. 11

**The Law Offices of Roger Higgins, LLC**

2

Later the same day, Mr. Smolker sent a second e-mail correspondence to Appellee's counsel, among others. *See* Attachment no. 4.

On June 3, 2021, prior to the scheduled 12:00 pm/9:00 am, June 3, 2021 telephone conference to confer on a proposed appellate briefing schedule, Mr. Smolker sent e-mail correspondence to Appellee's counsel, requesting that the conference be delayed until later in the day so that he could "send ... [Appellee's counsel] my typed proposed scheduling order via email at 11:00 am" PT. *See* Attachment no. 5. Counsel for Appellee responded, requesting that the conference go forward as scheduled at 12:00 pm ET/9:00 am PT. *See* Attachment no. 6.

At that scheduled time, counsel for Appellee, Mr. O'Neill and I, had a brief telephone conference with Mr. Smolker, and we agreed to continue the conference at 6:00 pm ET/3:00 pm PT. Mr. Smolker also stated that he would make a written proposal to Appellee prior to that scheduled telephone conference.

Mr. Smolker subsequently sent e-mail correspondence to counsel for Appellee that was apparently addressed to his insurance claims adjuster. *See* Attachment no. 7.

Shortly before our scheduled telephone conference, Mr. Smolker sent further e-mail correspondence, outlining his proposed briefing schedule. *See* Attachment no. 8.

Counsel for Appellee and Mr. Smolker then conducted a second telephone conference in an attempt to negotiate a consensual scheduling order.

Mr. Smolker explained the proposal contained in Attachment no. 8 as follows:

- Appellee "should agree" to a two-to-six week standstill for Mr. Smolker to locate, secure, and move into new housing.

- Thirty days after he had moved into his new residence, Mr. Smolker would file his designation of the record and statement of issues to be presented. Appellee notes that Fed. R. Bankr. P. 8009(b)(i) required Mr. Smolker to have made that filing on or before April 12, 2021.

- Mr. Smolker stated that prior to the same deadline he would file a motion to supplement the record on appeal.

- Thirty to forty-five (30-45) days after those two items were filed on the docket, Mr. Smolker would file a motion for an order of this Court declaring that the Bankruptcy Court did not have the authority to enter its March 16, 2021 order disallowing his claim.

- Forty-five days after that motion was filed, Mr. Smolker proposed that he would file a second motion requesting relief from the Bankruptcy Court's March 16, 2021 order disallowing his claim.

- Thirty days after the last of the three proposed motions was "ruled upon and resolved", and assuming that the appeal was not moot at that point, Mr. Smolker would file his opening appellate brief.

*See* Attachment no. 8.

<u>**The Law Offices of Roger Higgins, LLC**</u>

3

Appellee declined to accept this proposed schedule for several reasons. First, Mr. Smolker is proposing a briefing schedule that would give him, at a minimum, approximately 150 to 190 days to file his opening brief. Such delay is unacceptable to Appellee in view of the nature of this appeal and Mr. Smolker's documented history of seeking to delay litigation in the Bankruptcy Court and in California state court. *See* Scheduling Motion at ¶ 11.

Second, Mr. Smolker's correspondence seems to contemplate his being able to independently appeal each of the three motions discussed in his proposal before he would have to file his opening appellate brief. *See* Attachment no. 8. Allowing Mr. Smolker to independently appeal these motions would likely involve an enormous amount of expense and prejudicial delay to Appellee, not to mention the expenditure of judicial resources. Finally, Mr. Smolker's proposed schedule is not firm as to the deadlines to be imposed on Mr. Smolker. This lack of firm deadlines for Mr. Smolker gives rise to the concern that the actual time until Mr. Smolker files his opening appellate brief could be many months, if not years, from now, if Appellee were to agree to, and this Court were to adopt, Mr. Smolker's proposed appellate briefing schedule.

During the course of the June 3 telephone conference with Mr. Smolker, counsel for appellee proposed a revised schedule to Mr. Smolker that sought to take into account Mr. Smolker's apparent housing predicament by offering an additional thirty days to Mr. Smolker for filing his opening brief:

- *Opening Appellate Brief.* Mr. Smolker would have sixty days to file his opening brief. If for example, the Court entered a scheduling order on June 8, 2021, Mr. Smolker would have until approximately August 8 to file his brief.

- *Appellee's Brief.* Appellee would have thirty days after Mr. Smolker files his brief to file its brief, as requested in the Scheduling Motion.

- *Appellant's Reply.* As requested in the Scheduling Motion, Mr. Smolker would have 14 days to file any reply.

If Mr. Smolker sees the need to file further dispositive motions, whether on the topics discussed in his proposal or otherwise, Appellee requests that such motions be dealt with consistent with Fed. R. Bankr. P. 8013 and other applicable rules. Appellee believes that any such motions should not delay the appellate briefing schedule.

Counsel for Appellee also advised Mr. Smolker that he was free to file his own proposed scheduling order pursuant to Fed. R. Bankr. P. 8013. Counsel further advised Mr. Smolker that this letter brief would request the Court enter a scheduling order pursuant to Fed. R. Bankr. P. 8013(b), without need for further responses from either Appellant or Appellee.

Subsequent to the June 3 telephone conference, Mr. Smolker sent e-mail correspondence to counsel for Appellee, objecting to Appellee's filing this second letter brief. *See* Attachment no. 9. As discussed above, Mr. Smolker was advised during the June 3 telephone conference that he was free to file his own motion for a scheduling order, as well as to reply to the original Scheduling Motion, the June 1 letter, and this letter, pursuant to Fed. R. Bankr. P. 8013(a)(3)(A).

## The Law Offices of Roger Higgins, LLC

4

In light of the facts of this matter and the nature of this appeal, Appellee respectfully requests the Court enter a scheduling order as proposed by Appellee without further ado.

Sincerely Yours,

Roger J. Higgins

Encl.
cc:      Gary S. Smolker (via e-mail and next-
          day postal service)

# EXHIBIT 4

June 4, 2021 Letter

# THE LAW OFFICES OF ROGER HIGGINS, LLC

516 N. Ogden Ave.
Suite 136
Chicago, IL 60642
rhiggins@rogerhigginslaw.com

tel: (312) 480-1984                                                              Fax: (312) 577-0737

June 4, 2021

**VIA ECF DOCKET**

Judge Leonard S. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

Dear Judge Stark:

As an update to my letter of June 1, 2021 [D.I. 10], I am sorry to report that Appellee's efforts to confer with Appellant, Gary S, Smolker, over a consensual briefing schedule have failed.  As discussed below, Mr. Smolker has offered a briefing schedule that would result at a minimum in his opening appellate brief not being filed for at least 150-190 days after this Court's entry of an appellate briefing scheduling order.  Mr. Smolker's proposal also appears to be unworkable for a variety of other reasons.  Appellee therefore declined Mr. Smolker's offer.

Appellee then offered, in light of Mr. Smolker's apparent housing problems, to add a further thirty days to the thirty-day period proposed in *Appellee's Request for Briefing Schedule* [D.I. 9], filed May 27, 2021 (the "Scheduling Motion") for Mr. Smolker to file his opening appellate brief.  Mr. Smolker declined this offer.  Counsel for Appellee advised Mr. Smolker that Appellee would be filing this second supplemental letter brief, updating the Court on these further developments.  Counsel further advised Mr. Smolker that this letter brief would request the Court enter an order pursuant to Fed. R. Bankr. P. 8013(b), setting a briefing schedule consistent with Appellee's offer to Mr. Smolker of sixty days to file his opening brief.

Since the June 1 letter was filed, Mr. Smolker has sent considerable correspondence to counsel for Appellee, copies of which are attached to this letter.

Late on June 1, 2021, Mr. Smolker sent e-mail correspondence to a number of parties, including Appellee's counsel.  *See* Attachment no. 1.

On June 2, 2021, Mr. Smolker sent e-mail correspondence to Appellee's counsel, which stated in its caption, "**REQUEST THAT GRACE WITHDRAW THE "MOTION FOR SCHEDULING ORDER" FILED BY GRACE ON MAY 27, 2021 AND THAT GRACE UPDATE JUDGE STARK ON WHAT GRACE HAS LEARNED SINCE GRACE'S ATTORNEY HIGGINS SENT JUDGE STARK A LETTER DATED JUNE 1, 2021.**" *See* Attachment no. 2 (bold and capitalization in original).  James O'Neill, co-counsel for Appellee, responded to Mr. Smolker, requesting that his co-counsel also be included on all e-mail correspondence involved with the pending appeal.  *See* Attachment no. 3.

Date __6/4/21__
Docket # __11__

## The Law Offices of Roger Higgins, LLC

2

Later the same day, Mr. Smolker sent a second e-mail correspondence to Appellee's counsel, among others. *See* Attachment no. 4.

On June 3, 2021, prior to the scheduled 12:00 pm/9:00 am, June 3, 2021 telephone conference to confer on a proposed appellate briefing schedule, Mr. Smolker sent e-mail correspondence to Appellee's counsel, requesting that the conference be delayed until later in the day so that he could "send … [Appellee's counsel] my typed proposed scheduling order via email at 11:00 am" PT.  *See* Attachment no. 5.  Counsel for Appellee responded, requesting that the conference go forward as scheduled at 12:00 pm ET/9:00 am PT.  *See* Attachment no. 6.

At that scheduled time, counsel for Appellee, Mr. O'Neill and I, had a brief telephone conference with Mr. Smolker, and we agreed to continue the conference at 6:00 pm ET/3:00 pm PT.  Mr. Smolker also stated that he would make a written proposal to Appellee prior to that scheduled telephone conference.

Mr. Smolker subsequently sent e-mail correspondence to counsel for Appellee that was apparently addressed to his insurance claims adjuster.  *See* Attachment no. 7.

Shortly before our scheduled telephone conference, Mr. Smolker sent further e-mail correspondence, outlining his proposed briefing schedule.  *See* Attachment no. 8.

Counsel for Appellee and Mr. Smolker then conducted a second telephone conference in an attempt to negotiate a consensual scheduling order.

Mr. Smolker explained the proposal contained in Attachment no. 8 as follows:

- Appellee "should agree" to a two-to-six week standstill for Mr. Smolker to locate, secure, and move into new housing.
- Thirty days after he had moved into his new residence, Mr. Smolker would file his designation of the record and statement of issues to be presented.  Appellee notes that Fed. R. Bankr. P. 8009(b)(i) required Mr. Smolker to have made that filing on or before April 12, 2021.
- Mr. Smolker stated that prior to the same deadline he would file a motion to supplement the record on appeal.
- Thirty to forty-five (30-45) days after those two items were filed on the docket, Mr. Smolker would file a motion for an order of this Court declaring that the Bankruptcy Court did not have the authority to enter its March 16, 2021 order disallowing his claim.
- Forty-five days after that motion was filed, Mr. Smolker proposed that he would file a second motion requesting relief from the Bankruptcy Court's March 16, 2021 order disallowing his claim.
- Thirty days after the last of the three proposed motions was "ruled upon and resolved", and assuming that the appeal was not moot at that point, Mr. Smolker would file his opening appellate brief.

*See* Attachment no. 8.

**The Law Offices of Roger Higgins, LLC**

3

Appellee declined to accept this proposed schedule for several reasons. First, Mr. Smolker is proposing a briefing schedule that would give him, at a minimum, approximately 150 to 190 days to file his opening brief. Such delay is unacceptable to Appellee in view of the nature of this appeal and Mr. Smolker's documented history of seeking to delay litigation in the Bankruptcy Court and in California state court. *See* Scheduling Motion at ¶ 11.

Second, Mr. Smolker's correspondence seems to contemplate his being able to independently appeal each of the three motions discussed in his proposal before he would have to file his opening appellate brief. *See* Attachment no. 8. Allowing Mr. Smolker to independently appeal these motions would likely involve an enormous amount of expense and prejudicial delay to Appellee, not to mention the expenditure of judicial resources. Finally, Mr. Smolker's proposed schedule is not firm as to the deadlines to be imposed on Mr. Smolker. This lack of firm deadlines for Mr. Smolker gives rise to the concern that the actual time until Mr. Smolker files his opening appellate brief could be many months, if not years, from now, if Appellee were to agree to, and this Court were to adopt, Mr. Smolker's proposed appellate briefing schedule.

During the course of the June 3 telephone conference with Mr. Smolker, counsel for appellee proposed a revised schedule to Mr. Smolker that sought to take into account Mr. Smolker's apparent housing predicament by offering an additional thirty days to Mr. Smolker for filing his opening brief:

- *Opening Appellate Brief.* Mr. Smolker would have sixty days to file his opening brief. If for example, the Court entered a scheduling order on June 8, 2021, Mr. Smolker would have until approximately August 8 to file his brief.

- *Appellee's Brief.* Appellee would have thirty days after Mr. Smolker files his brief to file its brief, as requested in the Scheduling Motion.

- *Appellant's Reply*. As requested in the Scheduling Motion, Mr. Smolker would have 14 days to file any reply.

If Mr. Smolker sees the need to file further dispositive motions, whether on the topics discussed in his proposal or otherwise, Appellee requests that such motions be dealt with consistent with Fed. R. Bankr. P. 8013 and other applicable rules. Appellee believes that any such motions should not delay the appellate briefing schedule.

Counsel for Appellee also advised Mr. Smolker that he was free to file his own proposed scheduling order pursuant to Fed. R. Bankr. P. 8013. Counsel further advised Mr. Smolker that this letter brief would request the Court enter a scheduling order pursuant to Fed. R. Bankr. P. 8013(b), without need for further responses from either Appellant or Appellee.

Subsequent to the June 3 telephone conference, Mr. Smolker sent e-mail correspondence to counsel for Appellee, objecting to Appellee's filing this second letter brief. *See* Attachment no. 9. As discussed above, Mr. Smolker was advised during the June 3 telephone conference that he was free to file his own motion for a scheduling order, as well as to reply to the original Scheduling Motion, the June 1 letter, and this letter, pursuant to Fed. R. Bankr. P. 8013(a)(3)(A).

## The Law Offices of Roger Higgins, LLC

4

     In light of the facts of this matter and the nature of this appeal, Appellee respectfully requests the Court enter a scheduling order as proposed by Appellee without further ado.

Sincerely Yours,

Roger J. Higgins

Encl.

cc:    Gary S. Smolker (via e-mail and next-day postal service)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
Case No. 1-cv-00460-LPS

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 16055 Ventura Blvd., Suite 525, Encino, Encino CA 91436.

On October 4, 2021 I caused to be served the following titled and attached document on attorneys for W.R. Grace & Co. by causing a true and correct copy to be enclosed securely in separate fully pre-paid envelopes and deposited it with the United State Postage Service in Encino, California to be delivered via first class mail to those parties listed below.

**OCTOBER 4, 2021 DECLARATION OF GARY SMOLKER REGARDING JUDGE STARK'S FAILURE TO UPHOLD THE LAW UPON RECEIPT OF ILLEGAL EX PARTE COMMUNICATIONS**

 X  United States Mail. I mailed the attached pleading to the following attorneys representing the W.R. Grace & Co. at the following address.

Roger Higgins, Esq.
Law Offices of Roger Higgins, LLC
516 North Ogden Avenue, Suite 136
Chicago, IL 60642

James E. O'Neill, Esq.
Pachulski Stang Ziehl and Jones LLC
919 North Market Street - 17th Floor
Wilmington, DE 19899

Laura Davis Jones, Esq.
Pachulski Stang Ziehl and Jones LLC
919 North Market Street - 17th Floor
Wilmington, DE 19899

1

 X I SENT THE ATTACHED PLEADING BY FEDERAL EXPRESS PRIORITY
OVERNIGHT MAIL FOR FILING WITH THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF DELAWARE LOCATED AT

United States District Court for the District of Delaware
Office of the Clerk
844 N. King Street
Wilmington, Delaware 19801

I declare under penalty of perjury under the laws of the United States that the
above is true and correct.

Executed at Encino, California on October 4, 2021.


Lauren Elder