IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., *et al.*, | : | Chapter 11 |
| Reorganized Debtors. | : | Bankr. Case No. 01-01139-AMC |
| GARY SMOLKER, | : | |
| Appellant, | : | |
| v. | : | Civ. No. 21-460-LPS |
| W.R. GRACE & CO., *et al.*, | : | |
| Appellees. | : | |

**MEMORANDUM ORDER**

1. Pending before the Court is Appellant's Emergency Motion for Extension (D.I. 19) ("Emergency Motion"), seeking a further extension of the briefing deadlines set forth in the Court's prior scheduling order (D.I. 16) ("September 20 Scheduling Order"), which had already once extended the deadlines set in the Court's first scheduling order (D.I. 12) ("June 7 Scheduling Order"). In support of the Emergency Motion, Appellant has filed numerous declarations and exhibits, comprising thousands of pages, along with various letters to the Court. (*See* D.I. 20, 21, 22, 23, 24, 25, 26, 27, 31, 32, 33, 37) Appellee has filed an opposition to the relief sought in the Emergency Motion. (D.I. 28) For the reasons that follow, the Court will grant the Emergency Motion, to the extent set forth herein, on the condition that no further extension of the deadlines contained in this Memorandum Order shall be granted.

2. **Background.** On March 29, 2021, Appellant filed a notice of appeal of the Bankruptcy Court's March 16, 2021 Order disallowing Appellant's proof of claim (Bankr. D.I. 33217) ("Summary Judgment Order").[1] On April 29, 2021, Chief Magistrate Judge Thynge issued

[1] The docket of the Chapter 11 cases, captioned *In re W.R. Grace & Co., et al.*, Case No. 01-01139-AMC (Bankr. D. Del.) is cited herein as "Bankr. D.I. __."

a recommendation that the appeal be withdrawn from mediation. (D.I. 3) Appellant filed objections to the recommendation and a request for extension to file further a further response in support of his objections. (D.I. 4, 5) On May 21, 2021, the Court entered an Order overruling Appellant's objections, accepting the recommendation, withdrawing the appeal from mediation, and directing the parties to confer and submit a proposed scheduling order to govern briefing on the merits of this appeal within 14 days – i.e., by June 4, 2021. (D.I. 6)

3. Despite numerous attempts, Appellee was unable to reach agreement with Appellant regarding a proposed briefing schedule and, accordingly, on May 27, 2021, Appellee filed a motion asking the Court to enter a scheduling order. (D.I. 9) Appellee filed two supplemental letters, on June 1 and June 4, 2021, updating the Court on the parties' efforts to agree on a briefing schedule. (*See* D.I. 10, 11) The filings attached copies of Appellant's correspondence and apprised the Court of Appellant's health and living situation as well as additional reasons Appellant believed he was entitled to an almost open-ended period in which to file his opening brief. Ultimately, the parties could not agree on a briefing schedule. (*See* D.I. 11) Appellant made no independent submission regarding scheduling by the June 4 deadline.

4. On June 7, 2021, the Court entered the June 7 Scheduling Order based on the facts and circumstances in the record. The June 7 Scheduling Order set the deadline for Appellant's opening brief as September 21, 2021 – giving Appellant more than three extra months to prepare his opening brief on top of the more than two months that had already elapsed since Appellant commenced this appeal. It further ordered that, with respect to any further motions, "such motions shall comply with the requirements and deadlines set forth in Federal Rule of Bankruptcy Procedure 8013 and other applicable rules and shall not otherwise delay the briefing schedule set forth herein." (D.I. 16) (quoting June 7 Scheduling Order at ¶ 6)

5. In the months since the entry of the June 7 Scheduling Order, Appellant has inundated the Court with requests for further extensions of the briefing schedule, and declarations in support, based on his belief that: (1) he is entitled to further mediation efforts by the Court, (2) he was not given an opportunity to be heard on the briefing schedule, and (3) the June 1 and 4 letters regarding the parties' inability to reach an agreement as to scheduling – which were filed on the docket and in direct response to the Court's May 21, 2021 order – were somehow *ex parte* communications with the Court. (*See*, *e.g.*, D.I. 26 at 6) Appellant further asserts that this Court "failed to take into consideration the difficulties in preparing a 'Designation of Record on Appeal and Statement of Issues' and 'Motion to Supplement the Record' . . . while Appellant is 'homeless' [living in a hotel instead of living in his rented condominium] and looking for a new place to live." (*Id.*) Appellant continues to file Declarations containing statements of his living expenses. (*See* D.I. 33, 35, 38) Finally, Appellant submitted to the Court boxes of documents, including confidential medical records, that Appellant asserts "supports Mr. Smolker's application for more time to do the acts specified in Judge Stark's June 21, 2021 [sic] Order re Briefing Schedule, including more time to submit a motion to supplement the record on appeal, and more time to file Appellant Gary Smolker's opening brief." (D.I. 20 at 8)

6. On September 15, 2021, less than a week before Appellant's opening brief was due, Appellant filed his *Emergency Request for Recusal of Honorable Leonard P. Stark, Emergency Request for Order That Briefing Be Deferred Until It Is Decided Whether a New Judge Will Replace Judge Stark* (D.I. 15) ("Motion for Stay of Merits Briefing"). The Motion for Stay of Merits Briefing asked that the Court further extend the briefing deadlines set forth in the June 7 Scheduling Order pending the Court's determination of as-yet-unfiled "motions to recuse or disqualify" pursuant to 28 U.S.C. § 455, which Appellant asserted would be filed "as soon as they can be prepared" (D.I. 15 at 2, 13), and which further asserted the continued existence of the same health and living

situation issues that the June 7 Scheduling Order had taken into account, as well as Appellant's concern over the size of the appellate record.

7. The Court entered its September 20 Scheduling Order, giving Appellant an additional 30 days, until October 21, 2021, to file his opening brief. (D.I. 16) The remaining briefing deadlines were commensurately delayed. (*See id.* at ¶¶ 4-6) In granting this relief, the Court again took into consideration "Appellant's assertions of ongoing housing difficulties, health problems, the 'size of the record,' and briefing deadlines in another appeal (D.I. 15 at 2-8, 11-12)," notwithstanding that the very same factors were taken into account in granting the generous deadlines contained in the prior June 7 Scheduling Order. Finally, the September 20 Scheduling Order directed: "Any motion to recuse or motion to disqualify filed by Appellant shall comply with the requirements and deadlines set forth in Federal Rule of Bankruptcy Procedure 8013 and other applicable rules and shall not otherwise delay the extended briefing schedule on the merits of the appeal set forth herein." (D.I. 16 at 2)

8. Following the Court's entry of the September 20 Scheduling Order, Appellant filed a Motion for Disqualification (D.I. 18), seeking the disqualification of the undersigned Judge from hearing this appeal, pursuant to 28 U.S.C. § 455. Appellant also filed the Emergency Motion (D.I. 19), which is the subject of this Memorandum Order.

9. **Jurisdiction.** The Summary Judgment Order, disallowing Appellant's proof of claim against Appellee, is a final order. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

10. **Discussion**. The Emergency Motion states in relevant part that Appellant wishes to file a motion to supplement the record on appeal at some point in the future, and will only be able to file his opening brief after that motion has been adjudicated. (D.I. 18 at 9) Appellant has already filed his designation of the record on the docket of the chapter 11 case. (Bankr. D.I. 33241) On

July 21, 2021, Appellee filed its counter-designation of the record. (D.I. 14) Fed. R. Bankr. P. 8009(e) provides a mechanism for resolving any issues over the completeness of the record for this appeal. Appellant's Emergency Motion does not comply with those requirements, even though this Court had previously informed Appellant of his obligation to do so. (*See* June 7 Scheduling Order at ¶ 6; *see also* September 20 Scheduling Order (same)) Appellant has had months to file a motion in compliance with Bankruptcy Rule 8009. As there is no pending motion to supplement the record, the Court need not consider Appellant's request that other briefing deadlines should be extended pending its consideration. In any event, given the Court's prior extensions of the deadlines contained in the Federal Rules of Bankruptcy Procedure, further delay of briefing on the merits is unwarranted on this basis.

11. The remainder of the relief sought in Emergency Motion is what appears to be an open-ended delay in substantive briefing in this appeal. Among other things, Appellant filed a declaration ("Elder Declaration") in support of the Emergency Motion, comprising approximately 115 exhibits spread over eight separate docket entries setting forth, in great detail, Appellant's medical issues and an itemization of his living expenses and litigation costs. (D.I. 20-27) Despite the voluminous nature of the Elder Declaration and its exhibits, as well as the numerous additional declarations filed by Appellant, Appellant has not presented any relevant evidence not already taken into consideration by the Court in its September 20 and June 7 Scheduling Orders. While the Court is sympathetic to Appellant's health and housing issues, those issues cannot form the basis for indefinite delay of his obligations to meet the filing requirements under the Bankruptcy Rules in an appeal he chose to file. The open-ended delay in briefing Appellant continues to seek would be prejudicial to Appellee, which is seeking to close the remaining W.R. Grace chapter 11 case once general unsecured claims have been reconciled.

12. Finally, Appellant has filed additional declarations asserting that the June 7 Scheduling Order should have been vacated because (1) the June 1 and June 4 letters were filed by an attorney who had not yet been admitted *pro hac vice* in this appeal, and (2) Appellee failed to give Appellant notice of the attorney's motion for *pro hac vice* admission. (*See* D.I. 26) Appellant asserts that, had he been given notice of the motion for *pro have vice* admission, he would have objected – but Appellant fails to provide any reasonable basis for such an objection. (*See id.*) This argument is unavailing.

13. The only basis that the Court finds for granting a further extension of the deadlines contained in the September 20 Scheduling Order is Appellant's Motion for Disqualification, which remained pending as of the October 21, 2021 deadline for filing Appellant's opening brief, and which sought to disqualify the undersigned Judge from hearing this appeal and "hearing or ruling on any motion or any other legal proceeding related to" the appeal – including, presumably, the Emergency Motion. (D.I. 18 at 1; *see also* D.I. 15 (requesting deferral of briefing pending determination of Motion for Disqualification))

14. By separate Memorandum and Order issued contemporaneously with the instant Order, the Court has now denied Appellant's Motion for Disqualification. Having done so, the Court will grant, in part, Appellant's Emergency Motion, allowing a ***final*** 30-day extension of the deadlines contained in the September 20 Scheduling Order, on the condition that no further extensions shall be granted.

15. **Conclusion.** For the reasons set forth herein, the Emergency Motion (D.I. 19) is granted to the extent set forth herein:

(i) On or before November 30, 2021, Appellant shall file his opening brief on the merits of the appeal. Consistent with the Court's prior Scheduling Orders (D.I. 12, 16), any and all issues

relating to the Bankruptcy Court's authority to enter the Order on appeal shall also be raised and addressed in Appellant's opening brief.

    (ii)    On or before December 30, 2021, Appellee shall file its answering brief.

    (iii)    On or before January 31, 2021, Appellant shall file his reply brief, if any.

    (iv)    No further requests for extension of these deadlines shall be considered and no further extensions of these deadlines shall be granted. Failure to comply with the deadlines set forth in this Order will result in the dismissal of the appeal.

October 26, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE