IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., *et al.*, | : | Chapter 11 |
| Reorganized Debtors. | : | Bankr. Case No. 01-01139-AMC |
| GARY SMOLKER, | : | |
| Appellant, | : | Civ. No. 21-460-LPS |
| v. | : | Civ. No. 21-987-LPS |
| W.R. GRACE & CO., *et al.*, | : | |
| Appellees. | : | |

## MEMORANDUM ORDER

1. Pending before the Court are Appellant's emergency motions (Civ. No. 21-460-LPS D.I. 18; Civ. No. 21-987-LPS D.I. 17) (together, the "Motions for Disqualification") seeking my recusal or disqualification from hearing these appeals pursuant to 28 U.S.C. § 455. In support of the Motions for Disqualification, Appellant has filed numerous declarations and exhibits. (*See* Civ. No. 21-460-LPS D.I. 34, 40, 41, 42, 45) Appellee has filed an opposition to the relief sought in the Motions for Disqualification. (Civ. No. 21-460-LPS D.I. 29) For the reasons set forth below, the Court will deny the Motions for Disqualification.

2. **Background regarding appeal of Summary Judgment Order (Civ. No. 21-460-LPS).** On March 29, 2021, Appellant filed a notice of appeal of the Bankruptcy Court's March 16, 2021 Order disallowing Appellant's proof of claim (Bankr. D.I. 33217) ("Summary Judgment Order").[1] On April 29, 2021, Chief Magistrate Judge Thynge issued a recommendation that the appeal be withdrawn from mediation. (Civ. No. 21-460-LPS D.I. 3) Appellant filed objections to the recommendation and a request for extension of the deadline to file a further response. (Civ. No.

---

[1] The docket of the Chapter 11 cases, captioned *In re W.R. Grace & Co., et al.*, Case No. 01-01139-AMC (Bankr. D. Del.), is cited herein as "Bankr. D.I. ___."

21-460-LPS D.I. 4, 5) On May 21, 2021, this Court entered an Order overruling Appellant's objections, accepting the recommendation, withdrawing the appeal from mediation, and directing the parties to confer and submit a proposed scheduling order to govern briefing on the merits of this appeal within 14 days – i.e., by June 4, 2021. (Civ. No. 21-460-LPS D.I. 6)

3. The record reflects that, on the same day, counsel for Appellee sent e-mail correspondence to Appellant informing him of entry of the Order (attaching a copy of the Order), proposing a briefing schedule based upon the time periods set forth in Fed. R. Bankr. P. 8018(a), and further informing Appellant that he had not yet complied with Fed. R. Bankr. P. 8009 regarding the requirement that he file his designation of the record and statement of issues to be presented. (Civ. No. 21-460-LPS D.I. 9 Ex. A)

4. On May 25, 2021, counsel for Appellee sent a follow-up e-mail correspondence to Appellant, attaching a copy of the May 21, 2021 e-mail correspondence. (*See id.,* Ex. B) Later that same day, Appellant responded, stating in relevant part: "There is no need for you to follow up on the District Court Order that we meet and confer regarding the appellate briefing schedule or the need for me to file a Designation of Record on Appeal and Statement of Issues on Appeal. I will respond to the District Court's ORDER at my earliest convenience." (*Id.* Ex. C) Appellant also stated that he would file his designation of the record and statement of issues to be presented "as soon as practical." (*Id.*)

5. On May 27, 2021, Appellee filed a motion requesting that this Court enter a briefing schedule (Civ. No. 21-460-LPS D.I. 9) ("Scheduling Motion"), which reported that Appellant had declined to confer with Appellee regarding development of a briefing schedule. On that same day, Appellant was served with the Scheduling Motion, both by e-mail and next-day mail. (*See* Civ. No. 21-460-LPS D.I. 9-6) Pursuant to Federal Rule of Bankruptcy Procedure 8013(a)(3)(A), Appellant

had seven days from service to file a response to the Scheduling Motion. The docket reflects that Appellant filed no response.

6. On May 28, 2021, Appellant sent e-mail correspondence to counsel for Appellee, requesting that Appellee withdraw its Scheduling Motion, and reiterating his intention of responding directly to the Court. (Civ. No. 21-460-LPS D.I. 10 Attachment 1) Later that same day, Appellee responded to Appellant, declining to withdraw its Scheduling Motion, while also renewing Appellee's offer to confer regarding the appellate briefing schedule. (*Id.* Attachment 2) In this correspondence, Appellee reiterated its opening offer to Appellant, which mirrors the relief requested in the Scheduling Motion.

7. On May 31, 2021, Appellant responded with three separate pieces of e-mail correspondence. (*Id.* Attachments 3, 4 & 5) In this correspondence, Appellant once again requested that Appellee withdraw its motion. Appellant also made himself available on Thursday, June 3, 2021, for a telephone conference regarding the appellate briefing schedule. (*See id.*)

8. On June 1, 2021, Appellee filed its first supplemental letter updating the Court as to discussions between the parties. (Civ. No. 21-460-LPS D.I. 10) On that same day, Appellant was served with the first supplemental letter, via e-mail and next day mail (*See* Civ. No. 21-460-LPS D.I. 10-7)

9. On June 3, 2021, as reported in Appellee's second supplemental letter to the Court, Appellant shortly prior to the scheduled telephone conference with Appellee's counsel sent e-mail correspondence outlining his proposed briefing schedule. (Civ. No. 21-460-LPS D.I. 11 Attachment 8) Appellant's proposal included: a two-to-six week standstill for Appellant to locate, secure, and move into new housing; a requirement that 30 days after he had moved into his new residence, Appellant would file his designation of the record and statement of issues to be presented (although Fed. R. Bankr. P. 8009(b)(i) required Appellant to have made that filing on or before

3

April 12, 2021); prior to the same deadline, Appellant would file a motion to supplement the record on appeal; 30-45 days after those two items were filed, Appellant would file a motion for an order of this Court declaring that the Bankruptcy Court did not have the authority to enter the Summary Judgment Order disallowing his claim; 45 days after that motion was filed, Appellant proposed that he would file a second motion requesting relief from the Summary Judgment Order disallowing his claim; and then, 30 days after the last of the three proposed motions was "ruled upon and resolved," and assuming that the appeal was not moot at that point, Appellant would file his opening appellate brief. (*See id.*) During the June 3 telephone conference, the parties did not reach agreement.

10. On June 7, 2021, the Court entered the June 7 Scheduling Order. The June 7 Scheduling Order set the deadline for Appellant's opening brief as September 21, 2021 – providing Appellant more than three extra months to prepare his opening brief on top of the more than two months that had already then elapsed since Appellant commenced this appeal. It further ordered that, with respect to any further motions, "such motions shall comply with the requirements and deadlines set forth in Federal Rule of Bankruptcy Procedure 8013 and other applicable rules and shall not otherwise delay the briefing schedule set forth herein." (Civ. No. 21-460-LPS D.I. 16) (quoting June 7 Scheduling Order at ¶ 6)

11. In the months since the entry of the June 7 Scheduling Order, Appellant has inundated the Court with requests for further extensions of the briefing schedule, and declarations in support, based on his belief that: (1) he is entitled to further mediation efforts by the Court, notwithstanding that the Court has withdrawn the matter from mediation; (2) he was not given an opportunity to be heard on the briefing schedule; and (3) the June 1 and June 4 letters regarding the parties' inability to reach an agreement as to scheduling – which were filed on the docket and in direct response to the Court's May 21, 2021 order – were somehow *ex parte* communications with the Court. (*See, e.g.,* Civ. No. 21-460-LPS D.I. 26 at 6) Appellant further asserts that this Court

4

"failed to take into consideration the difficulties in preparing a 'Designation of Record on Appeal and Statement of Issues' and 'Motion to Supplement the Record' . . . while Appellant is 'homeless' [living in a hotel instead of living in his rented condominium] and looking for a new place to live." (*Id.*) Appellant continues to file Declarations containing statements of his living expenses. (*See* Civ. No. 21-460-LPS D.I. 33, 35, 38) Finally, Appellant submitted to the Court boxes of documents, including confidential medical records, that Appellant asserts "supports Mr. Smolker's application for more time to do the acts specified in Judge Stark's June 21, 2021 [sic] Order re Briefing Schedule, including more time to submit a motion to supplement the record on appeal, and more time to file Appellant Gary Smolker's opening brief." (Civ. No. 21-460-LPS D.I. 20 at 8)

12. On September 15, 2021, less than a week before Appellant's opening brief was due, Appellant filed his *Emergency Request for Recusal of Honorable Leonard P. Stark, Emergency Request for Order That Briefing Be Deferred Until It Is Decided Whether a New Judge Will Replace Judge Stark* (D.I. 15) ("Motion for Stay of Merits Briefing"). The Motion for Stay of Merits Briefing asked the Court to further extend the briefing deadlines set forth in the June 7 Scheduling Order pending the Court's resolution of as-yet-unfiled "motions to recuse or disqualify" pursuant to 28 U.S.C. § 455, which Appellant asserted would be filed "as soon as they can be prepared" (Civ. No. 21-460-LPS D.I. 15 at 2, 13), and which further asserted the continued existence of the same health and living situation issues that the June 7 Scheduling Order took into account, as well as Appellant's concern over the size of the appellate record.

13. The Court subsequently entered its September 20 Scheduling Order, giving Appellant an additional 30 days, until October 21, 2021, to file his opening brief. (Civ. No. 21-460-LPS D.I. 16) The remaining briefing deadlines were commensurately delayed. (*See id.* at ¶¶ 4-6) In granting this relief, the Court again took into consideration "Appellant's assertions of ongoing housing difficulties, health problems, the 'size of the record,' and briefing deadlines in another

5

appeal (Civ. No. 21-460-LPS, D.I. 15 at 2-8, 11-12)," notwithstanding that the very same factors were taken into account in granting the generous deadlines contained in the prior June 7 Scheduling Order. Finally, the September 20 Scheduling Order directed: "Any motion to recuse or motion to disqualify filed by Appellant shall comply with the requirements and deadlines set forth in Federal Rule of Bankruptcy Procedure 8013 and other applicable rules and shall not otherwise delay the extended briefing schedule on the merits of the appeal set forth herein." (Civ. No. 21-460-LPS D.I. 16 at 2)

14. Following the Court's entry of the September 20 Scheduling Order, Appellant filed the Motion for Disqualification (Civ. No. 21-460-LPS D.I. 18), asserting his belief that "Judge Stark is prejudiced against me" and "Judge Stark is biased in favor of [Appellee] so that I cannot receive a fair impartial hearing." (Civ. No. 21-460-LPS D.I. 18 at 2) Appellant also filed an Emergency Motion for Extension, seeking a further extension of the briefing schedule.

15. **Background regarding appeal of Order Cancelling Hearing (Civ. No. 21-987-LPS).** On July 2, 2021, Appellant filed his appeal of the Bankruptcy Court's June 22, 2021 order cancelling a hearing (Bankr. D.I. 33236) ("Order Cancelling Hearing"). (Civ. No. 21-987-LPS D.I. 1) On August 9, 2021, Chief Magistrate Judge Thynge issued her recommendation that the appeal be withdrawn from the Court's mediation process on the basis that "the issues involved in the case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources, nor warrant the expense of the process." (Civ. No. 21-987-LPS D.I. 11) On August 25, 2021, Appellant filed his opposition to the recommendation. (Civ. No. 21-987-LPS D.I. 13) On September 15, 2021, Appellant filed his reply in further support of his opposition (Civ. No. 21-987-LPS D.I. 15, 16) along with his *Emergency Request for Recusal of Honorable Leonard P. Stark, Emergency Request for Order That Briefing Be Deferred Until It Is Decided Whether a New Judge Will Replace Judge Stark* (Civ. No. 21-987-LPS D.I. 17), which

asserts the same arguments as the Motion for Disqualification filed in his appeal of the Summary Judgment Order.

16. **Jurisdiction.** The Summary Judgment Order disallowing Appellant's proof of claim against Appellee is a final order, and the Court has jurisdiction over that appeal pursuant to 28 U.S.C. § 158(a)(1). The Order Cancelling Hearing is an interlocutory order, and the Court will, in a separate order, decide whether to grant leave to hear that appeal, pursuant to 28 U.S.C. § 158(a)(3).

17. **Applicable standards**. Recusal is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ." 28 U.S.C. § 144. Section 455 provides that a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

18. The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *U.S. v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection of Section 455, the bias necessary to require recusal generally must derive from a source outside of the official proceedings. *See Liteky v. U.S.*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) ("[B]eliefs or opinions which merit recusal must involve an extrajudicial factor."). To the extent that a sitting judge has negative views of a party that arise not from an extrajudicial source, but from the record itself, and further "do not amount to the extreme animus necessary to make fair judgment impossible," recusal or disqualification under 28 U.S.C. § 455(a) is not warranted. *United States v. Ciavarella*, 716 F.3d

705, 724 (3d Cir. 2013). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

19. The existence of the appearance of impropriety is to be determined "by examining the facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *United States v. Bayless*, 201 F.3d 116, 126-27 (2d Cir. 2000) (internal quotation marks omitted); *see also United States v. Matusiewicz*, 2014 U.S. Dist. LEXIS 128224, at *3 (D. Del. Sept. 12, 2014) (standard for recusal is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned") (internal citation omitted).

20. **Discussion.** Applying the above principles, the undersigned Judge finds no basis to support his disqualification from these appeals. Although difficult to discern from the Motions for Disqualification, Appellant appears to argue the undersigned Judge should be disqualified based on the Court's orders: (1) accepting a recommendation from Chief Magistrate Judge Thynge (Civ. No. 21-460-LPS D.I. 3) that the appeal should be withdrawn from the Court's mediation process, due to a judicial profile of Chief Magistrate Judge Thynge the undersigned Judge co-authored years prior to this appeal; and (2) setting deadlines for briefing on the merits of this appeal, based on what Appellant views as *ex parte* communications from Appellee (Civ. No. 21-460-LPS D.I. 12, 16). Based on these rulings, Appellant argues the undersigned Judge is biased in favor of Appellee and must recuse or disqualify from hearing either of his appeals.

21. The Disqualification Motions lack any factual allegations of personal bias or prejudice which might satisfy the standards that must be met for recusal. Appellant offers no evidence in support of his allegations of bias apart from adverse rulings in the form of scheduling orders, but the law is clear that "a party's displeasure with legal rulings does not form an adequate

8

basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

22. Further, there is absolutely nothing in the record of how the Court has handled these matters which would suggest to any reasonable observer that the undersigned Judge's impartiality might reasonably be questioned. As an initial matter, there is no requirement that the Court hold a hearing or even obtain the parties' input prior to entering an order setting a briefing schedule on the merits of the appeal. Nevertheless, here the Court invited the parties to confer and submit an agreed schedule. In absence of an agreement, there is no question that the June 7 Scheduling Order set a generous briefing schedule that allowed Appellant more than three extra months to prepare his opening brief, in addition to the two months that had at that point already elapsed in the appeal. (Civ. No. 21-460-LPS D.I. 18 at 2-7) The Court's determination to provide Appellant ample time to file the designations and briefs that are required under the Bankruptcy Rules was based on Appellant's *pro se* position and his assertions of ongoing housing difficulties.

23. Additionally, Appellant is simply wrong to contend that the June 1 and 4 supplemental letters filed by Appellee on the docket, and served on Appellant by email and next-day mail, were impermissible *ex parte* communications with the Court, and that those letters either caused or demonstrated the Court's bias in entering the June 7 Scheduling Order. The supplemental letters were filed in direct response the to the Court's May 21, 2021 order directing the parties to confer and submit a briefing schedule; they attached copies of Appellant's correspondence; and Appellant was served with copies of the supplemental letters via both e-mail and next-day mail service. There is nothing "*ex parte*" about them. *See generally* BALLENTINE'S LAW DICTIONARY (Lexis-Nexis 2021) (defining "*ex parte*" as "[o]f or from one side or party. Application made to the court without notice to the adverse party").

9

24. The Court's September 20 Scheduling Order further supports the impartiality of the Court towards both parties. In particular, the Court granted Appellant a further extension of his deadline to file his opening brief, and allowed him the opportunity to file a motion seeking disqualification so long as it complied with "Fed. R. Bankr. P. 8013 and other applicable rules." (Civ. No. 21-460-LPS D.I. 16 at ¶ 1) The Court granted this relief while seeking to avoid prejudice to Appellee from a further, unwarranted delay in appellate briefing. (*Id.*) In granting this relief, the Court again took into account of Appellant's assertions of ongoing housing difficulties, health problems, the size of the record on appeal, and deadlines in another appeal. (*See id.* at 1) (citing Civ. No. 21-460-LPS D.I. 15 at 2-8, 11-12)

25. Contemporaneously with the entry of this Memorandum Order, the Court will enter a separate Order granting Appellant's most recent Emergency Motion for Extension (Civ. No. 21-460-LPS D.I. 19), allowing Appellant a further, but final, extension of the deadlines for merits briefing (on the condition that no further extensions of the deadlines will be granted). Based on the record of this appeal, which to date has involved only mediation assessment and the scheduling of merits briefing, the Court finds no basis for a reasonable person, with knowledge of all the facts and the foregoing accommodations which have been granted to Appellant, to conclude that the Court's impartiality might reasonably be questioned. *See Kensington*, 368 F.3d at 301.

26. Appellant further finds bias due to a judicial profile of Chief Magistrate Judge Thynge the undersigned Judge co-authored in 2014. Appellant correctly characterizes that profile as "flattering" of Judge Thynge, but he is wrong that it provides any reasonable basis to question the Court's impartiality in reviewing her recommendation to withdraw these cases from mandatory mediation. As an initial matter, the profile was written and published years ago, and the undersigned Judge has regularly and impartially reviewed Chief Magistrate Judge Thynge's judicial work, whenever necessary, on a continuous basis thereafter. There is no reason to deviate from that

10

ordinary practice here. Additionally, Appellant is in no way entitled to mediation efforts which are determined to be beyond the Court's limited resources. Moreover, Judge Thynge's recommendation –that these appeals involve "issues that are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process" (Civ. No. 21-460-LPS D.I. 3; Civ. No. 21-987-LPS D.I. 11) – is plainly correct (as was evident at the time she made her recommendations and as the subsequent history of these appeals has only made more clear).

27. **Conclusion.** For the reasons set forth herein, the Motions for Disqualification (Civ. No. 21-460-LPS D.I. 18; Civ. No. 21-987-LPS D.I. 17) are DENIED.

October 26, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE